(6 Misc. Rep. 302.)

## GILLESPIE v. WEINBERG et al.

(Superior Court of New York City, General Term. December 29, 1893.)

EASEMENTS—CONSTRUCTION OF DEED.
    A deed which gives the grantee the right to use a specified portion of an adjoining lot as "an alley in common for the purpose of passing and repassing," from the lot conveyed, to the street, gives merely a right of

passage, and does not authorize the grantee to erect any permanent structure on the alley.

Appeal from special term.

Action by James Waldron Gillespie against Philip Weinberg and Louis Clark, Jr. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Benj. Wright, (John A. Taylor, of counsel,) for appellants.

G. W. Van Nest, for respondent.

GILDERSLEEVE, J. A small, irregular piece of ground in the rear of No. 826 Broadway, which is the northeast corner of Broadway and Twelfth street, connects No. 828 Broadway, which adjoins No. 826 Broadway on the north, with East Twelfth street. This piece of ground has long been used as an alley or passageway between No. 828 Broadway and Twelfth street. This action is brought by the owner of 826 Broadway to restrain the occupants of 828 Broadway from improperly using said alleyway, and to require them to take down certain fire escapes which they have erected, and so constructed as to project over the piece of ground in question. The respective estates of the plaintiff and the defendants are from a common grantor, and the nature and character of each estate to the alley in common must be determined by the natural import of the words employed in the conveyances. The conveyance by virtue of which the defendants hold, after the words, "be the said several dimensions more or less," contains the following clause, to wit:

"And also the right of using the strip of ground designated in said map as 'alley in common' for the purposes of passing and repassing, from the lot of ground hereby conveyed, to and from 12th street."

The description in this conveyance by metes and bounds does not include the alley in common, or any part of it. The description of the plaintiff's property, No. 826 Broadway, by metes and bounds, set forth in the conveyance under which he holds, includes the alley in common. The conveyance then provides, in respect of the alley in common, as follows:

"Subject to the right of Stuart Mollan, his heirs and assigns, to use the strip of ground laid down on said map as 'alley in common' for the purpose of passing and repassing from the lot of said Stuart Mollan to and from 12th street."

The fee of the alley is in plaintiff, subject to the reservation in question. This reservation, to which the defendants have succeeded, and which constitutes their estate in the alley in common, is a restricted use, which consists only of the right of passing and repassing. It cannot be held that the grantor intended to reserve anything more than the right of passing and repassing. The words used have a clear import, indicate a well-defined intent, and serve to create a useful and valuable estate. The defendants' estate in the plaintiff's premises, being limited to an easement, which consists merely of the privilege of passing over the premises, does not give them a right to erect any permanent structure thereon. The erection of such a structure is a trespass. It follows that the court

below properly enjoined the defendants from using the alley in common other than for the purpose of passing and repassing. The relief sought is cognizable only in equity, and the court clearly had jurisdiction to try the case without a jury. The judgment is correct, and must be affirmed, with costs.